UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
 )
 ) NOTICE OF ***PRELIMINARY***
 ) HEARING ON MOTION
 )     FOR USE OF CASH COLLATERAL
 )     TO OBTAIN CREDIT
Debtor(s) ) *(Check One)*

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion ☐ For Use of Cash Collateral ☐ To Obtain Credit *(check one)*. A copy of the motion is attached; and it includes (i) the statement required by Local Form #541.5, and (ii) the following allegations:

   a. The immediate and irreparable harm that will come to the estate pending a final hearing is _____
   _____.

   b. The amount of ☐ cash collateral ☐ credit *(check one)* necessary to avoid the harm detailed above prior to the final hearing is _____.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3. A ***PRELIMINARY*** HEARING on the motion WILL BE HELD ON _____ AT _____ IN _____.
Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must do one or both of the following: (1) attend the preliminary hearing; and/or (2) file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave #700, Portland OR 97204; OR if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401), a written response, which states the facts upon which you will rely and, if the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by LBR 9004-1(b).

5. On _____ copies of this notice and the motion were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. §705; any creditors' committee chairperson [or, if none serving, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any creditors' committee attorney; the U.S. Trustee; and all affected lien holders whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                                                                          OSB #
_____
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

541.1 (6/1/15)

1  **Timothy J. Conway**, OSB No. 851752 (Lead Attorney)
        Direct Dial:  (503) 802-2027
2       Facsimile:   (503) 972-3727
        E-Mail:      tim.conway@tonkon.com
3  **Ava L. Schoen**, OSB No. 044072
        Direct Dial:  (503) 802-2143
4       Facsimile:   (503) 972-3843
        E-Mail:      ava.schoen@tonkon.com
5  **TONKON TORP LLP**
   1600 Pioneer Tower
6  888 S.W. Fifth Avenue
   Portland, OR  97204

        Attorneys for Peak Web LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Peak Web LLC,<br><br>　　　　Debtor. | Case No. 16-32311-pcm11<br><br>**DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**<br><br>*EXPEDITED HEARING REQUESTED* |

Pursuant to 11 U.S.C. § 363(c) and Bankruptcy Rule 4001(b), and Local Bankruptcy Rule 4001, Peak Web LLC ("Debtor") moves this Court for (a) entry of an Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection attached hereto as **Exhibit 1** ("Order"); and (b) after final hearing held pursuant to Bankruptcy Rule 4001(c)(2), entry of a final order authorizing Debtor to use cash collateral during the pendency of this case.  In support of its motion Debtor incorporates the statements contained in the Declaration of Mark Calvert of Cascade Capital Group in Support of Debtor's First Day Motions ("First Day Declaration") filed contemporaneously herewith, and further states as follows:

　　　　1.　　On June 13, 2016 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

**Page 1 of 5** -  DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE
                  CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-32311-pcm11    Doc 13    Filed 06/13/16

2. Debtor has continued in possession of its property and is continuing to operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. No request has been made for the appointment of a trustee or examiner, and an official committee has not yet been established in this case.

5. Peak is a managed-service company that provides the servers, storage, network, datacenter, and staff for some of the largest online businesses. Debtor is essentially a "cloud" service provider for companies that do not want to build out an operations department to run all of these elements themselves.

6. Debtor and Bank of the West ("BOTW") are parties to certain loan and security agreements (the "Loan Documents") pursuant to which BOTW asserts a perfected security interest and lien (the "Existing Liens") in substantially all of Debtor's assets, including inventory, equipment, accounts, chattel paper, instruments, general intangibles, and other items more specifically set forth in the Loan Documents, including the products and proceeds thereof (the "Prepetition Collateral").

7. As of the Petition Date, Debtor was indebted to BOTW in the approximate principal amount of $6,204,783. The obligations are comprised of the following:

   a. Term loan dated October 20, 2013, as amended, with a present principal balance of approximately $65,606.20;

   b. Term loan dated August 27, 2013, as amended, with a present principal balance of approximately $86,467.23;

Page 2 of 5 - DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-32311-pcm11    Doc 13    Filed 06/13/16

c.      Term loan dated February 21, 2015, as amended, with a present principal balance of approximately $1,166,663.60;

                d.      Equipment line of credit dated April 23, 2015, as amended, with a present principal balance of approximately $1,995,614.04;

                e.      Revolving line of credit dated October 26, 2012, as amended, with a present principal balance of approximately $2,500,000; and

                f.      Non-revolving line of credit dated March 16, 2016, as amended, with a present principal balance of approximately $400,000.

        The aggregate amount of all obligations owing by Debtor to BOTW as of the Petition Date is referred to herein as the "Existing Indebtedness."

        8.      In order to preserve and maintain the assets of the estate, Debtor requires cash for the payment of expenses such as operating expenses, taxes, insurance, leases, and payroll. Debtor has prepared a budget, a copy of which is attached to the proposed Order as **Exhibit 1**.

        9.      Debtor projects it will use the amounts set forth in the budget from June 13, 2016 through September 30, 2016 for normal and usual operating expenses. In addition, Debtor will need funds for deposits to utilities, if such deposits are requested, and other expenses as may be required by Court order. Funds anticipated for the litigation are set forth in the budget, but will be advanced from a separate entity pursuant to Debtor's Motion to Obtain First Priority Secured Post-Petition Financing ("Litigation Loan").

        10.     Debtor seeks Court authority to fund the expenses set forth on **Exhibit 1** to the proposed Order from cash collateral, with any shortfall funded from post-petition financing as requested in Debtor's Motion for Interim and Final Orders Authorizing Debtor to Obtain Unsecured Credit.

        11.     It is in the best interests of Debtor, its creditors, and its estate for Debtor to use cash collateral because use of cash collateral will allow the continued operation

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

of Debtor as a going concern and will maximize the likelihood of reorganization, thereby maximizing the recovery to creditors. Without the use of cash collateral, Debtor is without sufficient funds to support its continuing operations. Debtor seeks to use cash collateral pursuant to Sections 105(a) and 363(c)(1) and (2) of the Bankruptcy Code, and in accordance with the terms in the Order.

12. Entry of the Order will minimize disruption of Debtor's business operations, preserve the going concern value of the business, and is in the best interests of Debtor's estate. Debtor does not believe it can continue to operate its business or preserve the value of its assets without the use of BOTW's cash collateral.

13. To provide adequate protection for the use by Debtor of cash in which BOTW claims or may claim an interest, Debtor will provide BOTW with a continuing security interest in all assets of Debtor from and after the Petition Date of the same category, kind, character, priority, and description as were subject to a perfected and valid security interest held by BOTW and in existence on the Petition Date, except as otherwise provided by Court order. As additional adequate protection, commencing on June 30, 2016 and continuing on the last day of each month thereafter, Debtor will pay the sum of $9,861 to BOTW. The position of BOTW will be adequately protected through the replacement collateral, the adequate protection payments, and any funds received by Debtor pursuant to the unsecured post-petition operating line of credit.

14. As additional adequate protection for the use by Debtor of cash in which BOTW claims or may claim an interest, Debtor will continue to maintain and manage its property, pay taxes and insurance, and protect its property from diminution in value from and after the Petition Date. Debtor's continued operation as a going concern will also enhance and protect the value of BOTW's collateral.

15. To preserve the value of Debtor as a going concern, Debtor requires the use of cash collateral in which BOTW has an interest.

Page 4 of 5 - DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-32311-pcm11    Doc 13    Filed 06/13/16

1       16. Debtor will suffer immediate and irreparable harm if it is not permitted to use cash collateral in which BOTW has an interest. Without the use of BOTW's cash collateral, Debtor's operations will need to immediately cease.

      17. None of the provisions listed in LBF 541.5 are included in this Motion or the proposed order unless otherwise provided by Court order.

WHEREFORE, Debtor prays that this Court:

1. Enter the Order attached hereto as **Exhibit 1**; and

2. After final hearing held pursuant to Bankruptcy Rule 4001(b)(2), enter a final order authorizing Debtor's to use BOTW's collateral during the pendency of this case.

DATED this 13th day of June, 2016.

TONKON TORP LLP


By */s/ Timothy J. Conway*
    Timothy J. Conway, OSB No. 851752
    Ava L. Schoen, OSB No. 044072
    Attorneys for Debtor

Page 5 of 5 - DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-32311-pcm11　　Doc 13　　Filed 06/13/16

# EXHIBIT 1

**PROPOSED FORM OF ORDER**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

Peak Web LLC,

           Debtor.

Case No. 16-32311-pcm11

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

       THIS MATTER having come before the Court upon Debtor's Motion for Temporary and Final Authority to Use Cash Collateral and Granting Adequate Protection ("Motion") [ECF No. ___], and the Court being duly advised in the premises and finding good cause; now, therefore,

       IT IS HEREBY ORDERED:

       1.    Debtor is authorized to use cash collateral in which Bank of the West ("BOTW") or any other party claims a security interest (the "Cash Collateral") in accordance with the terms and conditions of this Order.

       2.    Debtor's authority to use Cash Collateral is limited to the expense amounts set forth in the budget attached to this Order as **Exhibit 1** (the "Budget"); provided, however, that Debtor may make expenditures in excess of the budgeted expense amounts so long

**Page 1 of 5** - INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND
              GRANTING ADEQUATE PROTECTION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

as such variance does not, on an aggregate and cumulative basis, exceed 15% of the expenses as set forth in the Budget, tested as of the end of each calendar month. In addition, Debtor may exceed such variances with the prior written consent of BOTW or by a subsequently entered order of this Court. Debtor may also exceed such variances in connection with paying any utility deposits or other amounts required to be paid by Debtor pursuant to Court order. On or before 15 days after the end of each month, Debtor shall deliver to BOTW a report comparing Debtor's actual expenses to the Budget.

3. Debtor's authority to use Cash Collateral, without further order of the Court, shall automatically expire upon the earlier of (a) the Effective Date of a confirmed Plan of Reorganization; or (b) a Court order terminating the use of cash collateral based on a motion brought by BOTW ("Termination Order") for the failure by Debtor to comply with any provision of this Order, which failure is not remedied within five business days after delivery of notice of such failure by BOTW to Debtor (such failure being an "Event of Default"). Upon entry of a Termination Order, Debtor's authority to use or spend any further Cash Collateral shall automatically terminate unless and until Debtor obtains the written consent of BOTW or a further order of this Court; provided, however, that notwithstanding the occurrence of the Termination Order, Debtor shall be authorized to use Cash Collateral to pay those budgeted amounts that had previously been incurred prior to the Event of Default.

4. As adequate protection for any Cash Collateral used by Debtor, BOTW is hereby granted, pursuant to Sections 361(2) and 363(e) of the Bankruptcy Code, a perfected lien (the "Replacement Lien") to secure an amount of BOTW's prepetition secured claims equal to the extent of any diminution in value of BOTW's prepetition collateral ("Prepetition Collateral") by reason of the use of Cash Collateral authorized herein. The Replacement Lien shall attach to all property and assets of Debtor and its estate, of any kind or nature whatsoever, whether now owned or hereinafter acquired by Debtor, and all products, proceeds, rents, issues, or profits thereof that were either subject to the Prepetition Liens or acquired as a result of Debtor's use

Page 2 of 5 - INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-32311-pcm11    Doc 13    Filed 06/13/16

and/or expenditure of Cash Collateral; provided, however, that the Replacement Lien shall not attach to property recovered through the exercise of the powers granted under Sections 506(c), 544, 545, 547, 548 and 549 of the Bankruptcy Code and shall be subordinate to the secured Litigation Loan. Granting this security interest to BOTW is for the purpose of providing adequate protection to BOTW to protect its allowed secured claim on the Petition Date and is not intended, nor shall it be deemed, to improve or enhance the collateral position of BOTW as of the Petition Date.

5. The Replacement Lien shall be in addition to all other security interests and liens securing BOTW's allowed secured claim in existence on the Petition Date. Additionally, nothing in this Order shall abridge or limit BOTW's security interest in proceeds, products, or profits to the extent provided under Section 552 of the Bankruptcy Code.

6. The Replacement Lien hereunder shall be senior to the rights of Debtor and any successor trustee or estate representative in this case or any subsequent cases or proceedings under the Bankruptcy Code except as otherwise provided by Court order.

7. The Replacement Lien granted to BOTW by this Order shall be perfected and enforceable by operation of law upon execution and entry of this Order by the Court without regard to whether such Replacement Lien is perfected under applicable non-bankruptcy law.

8. As additional adequate protection, Debtor will make a monthly adequate protection payment to BOTW in the amount of $9,861per month, with the first payment to be made on June 30, 2016 and succeeding monthly payments to be made on the last day of each month.

9. Debtor shall at all times keep the Prepetition Collateral and the properties to which the Replacement Lien attaches free and clear of all other liens, encumbrances, and security interests, other than those in existence on the Petition Date or granted by Court order, and shall pay and discharge when due all taxes, levies, and other charges arising or accruing from and after the Petition Date.

**Page 3 of 5** - INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-32311-pcm11    Doc 13    Filed 06/13/16

10. In the event of the occurrence of an Event of Default that is not timely cured, BOTW may seek relief from the Court on five business days' written notice to Debtor to terminate Debtor's authority to use all or any portion of the Cash Collateral.

11. The provisions of this Order, and the effect of any actions taken hereunder, shall survive issuance and entry of any order converting this case to one under Chapter 7 of the Bankruptcy Code or dismissing this Chapter 11 case. The priorities, liens, and security interests granted herein, except as otherwise provided by Court order, shall continue in this or any superseding case under the Bankruptcy Code, and any such liens and security interests shall maintain their priority as provided herein until satisfied and discharged subject to the Bankruptcy Code.

12. This Order, and each of its terms, shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of Bankruptcy Rule 8017(a) shall not apply.

IT IS FURTHER ORDERED that a final hearing on Debtor's Motion for Temporary and Final Authority to Use Cash Collateral and Granting Adequate Protection shall be held by the Court in Courtroom \_\_\_\_ of the United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, Portland, Oregon 97204, on _____, 2016 at _____ \_\_\_.m., or as soon thereafter as counsel may be heard. Within three business days after the entry hereof, Debtor shall mail or otherwise serve a copy of this Order, together with a notice of the final hearing, pursuant to LBR 4001-1.D and LBF 541.40.

# # #

Page 4 of 5 - INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-32311-pcm11    Doc 13    Filed 06/13/16

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By _____
    Timothy J. Conway, OSB No. 851752
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR  97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:  tim.conway@tonkon.com
             ava.schoen@tonkon.com
    Attorneys for Debtor

cc:    List of Interested Parties

**Page 5 of 5** - INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND
                GRANTING ADEQUATE PROTECTION

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

# EXHIBIT 1

## BUDGET

## Peak Hosting
**Projected Cash Flow - June 13, 2016 through September 30, 2016**

|  | Jun-16 | Jul-16 | Aug-16 | Sep-16 |
|---|---|---|---|---|
| **Revenue** | $1,170,000 | $1,040,000 | $910,000 | $910,000 |
| **Operating Expenses** | | | | |
| Capital leases | $73,427 | $77,446 | $85,559 | $85,559 |
| Operating leases | $27,157 | $27,465 | $57,082 | $57,082 |
| Payroll, Taxes, Benefits | $650,000 | $650,000 | $650,000 | $650,000 |
| SJC2 Data Center Costs | $85,000 | $85,000 | $85,000 | $85,000 |
| Operating Costs | $18,300 | $15,300 | $28,300 | $13,300 |
| Rent | $6,000 | $6,000 | $6,000 | $0 |
| Business Insurance | $21,558 | $1,107 | $1,107 | $21,558 |
| Legal & Accounting Fees | $12,500 | $5,000 | $5,000 | $5,000 |
| Travel (prev. paid by credit cards) | $20,000 | $20,000 | $30,000 | $20,000 |
| Office supplies | $8,000 | $8,000 | $8,000 | $8,000 |
| Bank fees | $2,000 | $2,000 | $2,000 | $2,000 |
| US Trustee fees | $0 | $9,750 | $0 | $0 |
| Reserve for unknown | $10,000 | $10,000 | $10,000 | $10,000 |
| Adequate protection payments | $9,861 | $9,861 | $9,861 | $9,861 |
| **Total** | **$943,803** | **$926,929** | **$977,910** | **$967,361** |
| **Operating Cash Flow** | **$226,197** | **$113,071** | **($67,910)** | **($57,361)** |
| **Bankruptcy Admin & Litigation Expenses** | | | | |
| Professional fees - atty | $0 | $0 | $0 | $150,000 |
| Professional fees - CRO | $0 | $0 | $0 | $100,000 |
| Professional fees - trial atty | $150,000 | $0 | $0 | $0 |
| **Total** | **$150,000** | **$0** | **$0** | **$250,000** |
| **Cash Flow before Financing** | **$76,197** | **$113,071** | **($67,910)** | **($307,361)** |
| **Financing Cash Flow** | | | | |
| Operating loan | $250,000 | $0 | $0 | $250,000 |
| Litigation expense loan | $150,000 | $0 | $0 | $0 |
| **Total** | **$400,000** | **$0** | **$0** | **$250,000** |
| **Cash Flow** | **$476,197** | **$113,071** | **($67,910)** | **($57,361)** |

*Payment of any professional fees is subject to court approval and further court order.

038470/00001/7286013v1